**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

No. 01-6763

―――――――――

TONY LAMON MOODY,

Petitioner - Appellant,

versus

RONALD J. ANGELONE, Director; ATTORNEY GENERAL
OF THE COMMONWEALTH OF VIRGINIA,

Respondents - Appellees.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Chief District Judge. (CA-99-1955-AM)

―――――――――

Submitted: January 17, 2002        Decided: January 28, 2002

―――――――――

Before WILKINS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Tony Lamon Moody, Appellant Pro Se. Linwood Theodore Wells, Jr., Assistant Attorney General, Richmond, Virginia, for Appellees.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tony Lamon Moody appeals the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal substantially on the reasoning of the district court.[*] See Moody v. Angelone, No. CA-99-1955-AM (E.D. Va. filed Apr. 10, 2001; entered Apr. 11, 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] We note that the district court inadvertently failed to address Moody's claim that the trial court erred in denying his motion for a new trial based on after-discovered evidence. Moody claims that Clayton Dillard revealed after the trial that he purchased the crack cocaine Moody was convicted of distributing from another source. Because we find that the Virginia courts correctly found that Moody failed to show that this evidence could not have been discovered until after the trial and failed to show that it could not have been secured for use at trial through the exercise of reasonable diligence, this claim is without merit. See Odum v. Commonwealth, 301 S.E.2d 145, 149 (Va. 1983) (setting out four-part test for courts to consider in ruling on a motion for a new trial).

2